Leonard GOFORTH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7201.

United States Court of Appeals Tenth Circuit.

Feb. 4, 1963.

Richard T. Sonberg, Denver, Colo., for appellant.

Edwin Langley, U. S. Atty. (E. C. Nelson; Asst. U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

This appeal is from an order of the court below denying, after a hearing, appellant's motion under 28 U.S.C. § 2255, to vacate and set aside sentence imposed on December 1, 1960. Appellant, Goforth, was indicted on August 23, 1960, in the Eastern District of Oklahoma on one count of conspiring to possess, utter and sell counterfeit obligations of the United States and on six counts of passing counterfeit $100 Federal Reserve notes in violation of 18 U.S.C. §§ 371, 472. He was convicted by a jury on all seven counts and sentenced to imprisonment for a term of 4½ years on each count, the sentences to run concurrently. No appeal was taken.

The present proceeding was commenced by Goforth in January, 1962. He alleged as the sole ground of the motion that he was denied the effective assistance of counsel at his trial in violation of the Sixth Amendment to the Constitution of the United States. The motion was denied by the sentencing court without a hearing. Upon appeal to this Court, we reversed and remanded the case to the sentencing court with directions to grant appellant a hearing. Goforth v. United States, 10 Cir., 304 F.2d 884. The hearing on remand was held, appellant's motion was again denied and he has taken this appeal from that order.

The record discloses that the original indictment was in nine counts with Goforth being charged in only seven as previously mentioned. He was tried on the charges along with six other defendants in a three-day trial commencing Novem-

ber 12, 1960. All of the defendants were convicted by the jury but the conviction of two of them was reversed upon appeal by this Court because of the insufficiency of the evidence. Tripp v. United States, 10 Cir., 295 F.2d 418.

The record further discloses that counsel was appointed to represent Goforth on the day of the trial and immediately prior to the selection of the jury. It also reveals that Goforth's co-defendants were all represented by counsel and counsel for these defendants stated to the court that they did not think they could represent Goforth because of a conflict of interest. The trial was then delayed for a sufficient time in which to locate a lawyer in order to appoint him as counsel for Goforth. After such appointment was made the counsel and Goforth had only 5 to 15 minutes to confer before the trial was commenced.

At the hearing on his motion, Goforth testified in substance as follows: He was arrested by state officers on July 19, 1960, in Muskogee, Oklahoma, and on July 27 was taken before the United States Commissioner by federal officers for arraignment upon the same charges as were later embodied in the indictment. He was released on bond and remained at liberty until September 1, at which time he was again arrested by state officers for violation of parole. He was sent to the Oklahoma State Penitentiary on that date and remained there until he was taken to Muskogee for the trial here in question. He attempted to secure an attorney while at liberty on bond but was unable to raise the money to do so. He was picked up at the state penitentiary around noon on Saturday, November 12, transported to the place of trial and there put in jail until the trial commenced the following Monday, November 14. He did not know until November 12 that his trial was set for November 14 and he did not know that an attorney would be appointed for him if he had written a letter to the Judge while confined in the penitentiary.

Goforth further testified that "it would be stretching it to say ten min-

utes," as to the time he was able to confer with appointed counsel on the morning of the trial and that this conference took place in the back of the courtroom while some of the jury were in the jury box (though not impaneled). He also testified that the subject of a continuance "never came up at all, but I had it in my mind to ask for one, but I can't say I asked for it, because there was too much talking backwards and forwards, we were interrupted" and that he did not have an opportunity to give his attorney a full explanation of his activities and the events relevant to the crimes with which he was charged. On cross examination Goforth stated that at the time he was arraigned on the indictment in the district court and entered a plea of not guilty his right to have an attorney appointed if he could not employ one was explained, that he advised the court he intended to employ an attorney of his own choosing, and that he had never asked the court to appoint an attorney for him prior to trial.

Goforth's court appointed attorney testified at the hearing that: On the morning of the trial he conferred with Goforth for five, ten or fifteen minutes and advised Goforth that he could ask the court for a continuance but was told "no, he [Goforth] wanted to get it over with, may as well get it over with." He inquired of Goforth if there were any witnesses for his defense and was advised that all of such witnesses were present in the courtroom. He participated in the selection of the jury, conferred again with his client over the noon hour after opening statements had been made and before any evidence was introduced and cross examined all but one of the government's witnesses. This attorney testified that he was not familiar with the substantive nature of the charges against Goforth at the time the trial commenced and did not feel that he had an opportunity to make an effective investigation of the case or research the law prior to the trial and would have spent considerable time in preparing for trial if he had had an opportunity. He

admitted that he was not prepared to advise his client on the propriety of moving for a severance of the case and left the decision not to so move up to counsel for the other defendants.

Other evidence was introduced to establish that Goforth, while an inmate at the state penitentiary, was allowed to write letters to his wife and would have been allowed to write to an attorney or to any court, and to establish that Goforth could have used the telephone while in jail over the weekend awaiting trial to contact his wife, which he did, or an attorney, which he did not. There was also evidence presented as to the taking of an appeal from the conviction. Goforth testified that his attorney advised him he would not have "very much chance" on appeal and the attorney testified that upon receiving this advice Goforth told him "That's that."

The court below found that Goforth was advised at the time of arraignment of his right to counsel and to have counsel appointed if he was unable to employ his own; that Goforth was advised by his court appointed attorney that he could move for a continuance prior to the commencement of the trial but did not desire to do so and, therefore, none was requested; that Goforth's attorney conferred with him at times other than just before trial and was fully informed as to his defense and witnesses; and that he was advised of his right to appeal the conviction. On the basis of these findings, the court concluded as a matter of law that Goforth was competently and effectively represented by his court appointed counsel at all stages of the proceeding and his rights were not prejudiced by the appointment of counsel immediately prior to the start of his trial.

The Sixth Amendment provides, among other things, that "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." In the very recent case of Puckett v. United States, 10 Cir., 314 F.2d 298, we stated:

"* * * It is a fundamental principle that an accused has a constitutional right to the assistance of counsel throughout the trial proceedings. * * *"

This constitutional guaranty means effective assistance as distinguished from bad faith, sham, mere pretense or want of opportunity for conference and preparation. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Beckett v. Hudspeth, 10 Cir., 131 F.2d 195; Edwards v. United States, 78 U.S.App. D.C. 226, 139 F.2d 365, cert. denied, 321 U.S. 769, 64 S.Ct. 523, 88 L.Ed. 1064; Thomas v. District of Columbia, 67 App. D.C. 179, 90 F.2d 424. But success in the outcome of the criminal prosecution is not the test of effective assistance of counsel. Hester v. United States, 10 Cir., 303 F.2d 47, cert. denied, 371 U.S. 847, 83 S.Ct. 80, 9 L.Ed.2d 82; Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, cert. denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86. Rather, the test as stated by this Court in Frand v. United States, 10 Cir., 301 F.2d 102, at page 103 is:

"* * * It is instances in which resulting from the substandard level of the services of the attorney the trial becomes mockery and farcical that the judgment is open to collateral attack on the ground that the accused was deprived of his constitutional right to effective assistance of counsel. (Citations)"

The primary basis of appellant's claim that he was denied the effective assistance of counsel is that his court appointed attorney was not appointed in time to adequately prepare for trial and consult with him. As to the latter point, it has been said that the competence of counsel cannot be determined solely on the basis of the amount of time he spent interviewing his client. Brinegar v. United States, 6 Cir., 290 F.2d 656. Other facts and circumstances must also be considered and when this is done it becomes apparent here that appellant must bear a major portion, if not all, of the responsibility for the situation in which he found himself on the morning of the trial. The evidence amply supports the

trial court's finding that at his arraignment Goforth was advised of his right to counsel and that if he was unable to employ an attorney of his own choosing, counsel would be appointed for him, but, at that time, he advised the court that he would attempt to employ his own. Goforth apparently attempted to do this and wrote to his wife on different occasions while confined in the state penitentiary inquiring if his family had been able to raise sufficient funds. It turned out that they were not able to raise the funds but Goforth did not attempt to inform the court of this fact at any time. As a result he appeared in court on the morning of the trial without representation and the court had to decide whether to: (1) Postpone the trial of all of the defendants until a later date; or (2) grant on its own motion a severance of the case and continuance as to Goforth and proceed with the trial of the other defendants; or (3) appoint counsel for Goforth and proceed with the trial of all of the defendants. Confronted with this situation, the court chose to follow the latter course and we are unable to say that this was an abuse of discretion. Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375, cert. denied, Ruben v. United States, 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199.

█ Our consideration of this case could stop at this point. Nevertheless, we have carefully and thoroughly examined the transcript of the trial proceeding and all other proceedings in the case. From such examination, we are unwilling to conclude that the services of Goforth's attorney were of a substandard level such as would make the trial become a mockery and farcical. The trial record shows active and effective participation in the trial by the appointed counsel. By his alertness and timely objections the record was kept free from incompetent and objectionable evidence, the right of cross-examination was exercised wisely and counsel's examination of Goforth, who took the stand, appears to have clearly presented his defense. There is abundant, if not overwhelming, evidence to support Goforth's conviction and nothing to indicate that his rights were prejudiced by the appointment of counsel just prior to the trial. Certainly, the better practice is to appoint counsel sufficiently far in advance so that he may have ample time to prepare for trial but the circumstances in this case do not establish that Goforth suffered any prejudice.

Affirmed.