**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Billy Edward DAVIS, Defendant-
Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Carl W. DENNIE, Jr., Defendant-
Appellant.**

**Nos. 459–70, 460–70.**

United States Court of Appeals,
Tenth Circuit.

Jan. 25, 1971.

Jeff R. Laird, First Asst. U. S. Atty. (William R. Burkett, U. S. Atty., with him on the brief), for plaintiff-appellee.

Jerome H. Blumenthal, Oklahoma City, Okl. (Blumenthal & Gray, Oklahoma City, Okl., with him on the brief), for defendant-appellant Billy Edward Davis.

Arlen E. Fielden (Monty L. Bratcher, Oklahoma City, Okl., with him on the brief), for defendant-appellant Carl W. Dennie, Jr.

Before LEWIS, Chief Judge, McWILLIAMS, Circuit Judge, and BRATTON, District Judge.

McWILLIAMS, Circuit Judge.

Davis and Dennie were jointly indicted, tried and convicted by a jury of unlawfully causing to be transported in interstate commerce a forged and falsely made check, knowing the same to have been so forged and falsely made, in violation of 18 U.S.C. § 2314. Perhaps the most significant point to be considered concerns the denial by the trial court of Dennie's motion for a continuance. Hence a bit of chronology is in order.

The indictment was returned on May 7, 1970, and the two defendants accompanied by their court-appointed attorney entered pleas of not guilty on May 15, 1970. Thereafter counsel filed certain discovery motions which were rendered moot when the requested information was voluntarily furnished by the government. The indictment was originally in three counts, each count relating to a separate check allegedly forged and caused to be transported in interstate commerce by the defendants. On June 3, 1970 the government dismissed the second count as to both defendants. On June 5, 1970 the one defendant, Dennie, attempted to enter a plea of guilty, which was refused by the trial court when it became uncertain that Dennie understood the consequences thereof. In the meantime the case had apparently been set on the trial docket for that term of court. In any event, on June 8, 1970 appointed counsel informed the trial court that because of a conflict in interest between the two defendants, which alleged conflict was not explored in any depth, separate counsel should be appointed for Dennie. This was done on June 8, 1970, and counsel apparently learned of his appointment at once. And on June 9, 1970 a hearing was held on defendants' motion to suppress, at which time Dennie's newly appointed counsel appeared and participated. At the conclusion of this hearing counsel for Dennie requested a continuance, pointing out that he had only then been in the case for twenty-four hours. This motion was denied and trial was set for the following day at 1:30 P.M. The request for a delay of Dennie's trial was renewed, and denied, just before commencement of the trial at 1:30 P.M. on June 10, 1970.

The only matter urged here by the one defendant Dennie is that he was denied the effective assistance of counsel because counsel did not have adequate time to prepare for trial. In denying Dennie's motion for a continuance the trial court observed that counsel had first been appointed for Dennie on May 15, 1970, and that presumably newly appointed counsel had the benefit of that which co-counsel had done by way of discovery and preparation. In the court colloquy on this matter it was also brought out that newly appointed counsel for Dennie had already conferred with the prosecutor and had "reviewed the information the government has * * *." It was in this setting that the trial court determined to go to trial the following day at 1:30 P.M.

A motion for a continuance is a matter lying within the sound discretion of the trial court and its ruling therein will not be later disturbed unless there be an abuse of that discretion. Leino v. United States, 338 F.2d 154 (10th Cir.).

The Sixth Amendment guaranty that the accused in a criminal proceeding shall enjoy the right to have the assistance of counsel means effective assistance, as distinguished from bad faith, sham, mere pretense or want of opportunity for conference and preparation. Goforth v. United States, 314 F.2d 868 (10th Cir.). In *Goforth* it was held that under the circumstances of that case there was no abuse on the part of the trial court in proceeding to trial after having appointed counsel to represent Goforth only about fifteen minutes prior thereto. In the instant case there was approximately forty-eight hours between the appointment of new counsel to represent Dennie and the commencement of trial. Additionally, Dennie was represented by counsel for some twenty-three days prior to the appointment of new counsel and, as indicated, such counsel had effectively utilized discovery procedures which inured to the benefit of Dennie and his newly appointed counsel. Additionally, as was true in Goforth, from our examination of the proceedings in the instant case "we are unwilling to conclude that the services of * * * counsel were of a substandard level such as would make the trial become a mockery and farcical." The fact that Dennie was convicted on one count (the other was dismissed by the court after all the evidence was in) does not prove that he was denied the assistance of effective counsel. On the contrary, such conviction may well indicate, as it does here, the strength of the government's case wherein, among other things, Dennie was identified as having purchased from Montgomery Ward a television set on a lay-away plan and his palm print was identified as being on the forged check which was later given by Davis when he received the television set ordered by Dennie.

Counsel's reliance on Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377, is misplaced. There it was held that the denial by a state trial court of a motion for a continuance in a murder case did not, under the circumstances there disclosed, deprive the accused of his constitutional right to the assistance of counsel, even though the trial proper was commenced only three days after the appointment of counsel. The instant case actually fits well within the rationale of *Avery*.

For these reasons we conclude that the trial court did not abuse its discretion in denying Dennie's motion for a continuance.

Davis contends that his conviction should be reviewed because of alleged error on the part of the trial court in denying (1) his motion for a severance; (2) his motion to suppress; and (3) his motion to dismiss count three. Each of these grounds we deem to be without merit.

A motion for a severance is also addressed to the sound discretion of the trial court. United States v. Rodgers, 419 F.2d 1315 (10th Cir.). Fed.R.Crim. P. 8(b) permits the joinder of two or more defendants in the same indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." The brief reference made above to the prosecution's evidence demonstrates the propriety of this joinder of Davis and Dennie in the same indictment. Furthermore, upon trial there was no evidence of any statements made by either defendant at the time of his arrest or thereafter; hence this is not the situation where post-arrest statements made by one defendant tended to incriminate a codefendant. We find no abuse of discretion in the trial court's denial of Davis' motion for severance.

Davis also alleges as error the trial court's denial of the defendants' motion to suppress. Prior to trial a full scale hearing was held on defendants' motion

to suppress. Apparently that which was sought to be suppressed was a certain receipt for a television set allegedly taken either from Dennie's wallet or his house in violation of his constitutional rights and which, it is claimed, resulted in the return of the indictment. From the motion to suppress it is a bit difficult to tell exactly what receipt was sought to be suppressed. Upon hearing, when some four F.B.I. agents were called as witnesses by the defendants, it became quite clear however that the receipt in question was *not* one given Dennie by Montgomery Ward but, according to counsel, was a receipt "from an unknown individual to Mr. Dennie for the purchase of this television set." Counsel for both Davis and Dennie made it very clear that they were not in search of a receipt from Montgomery Ward. Be that as it may, the hearing on the motion to suppress established that the government agents had not seized *any* receipt, be it from Montgomery Ward or from any other party, from Dennie. Under such circumstances the trial court quite understandably denied the motion to suppress the nonexistent receipt.

In this court, however, counsel for Davis argues that upon trial the government introduced into evidence the very receipt which the defendants had previously sought to suppress. In this regard reference is made by counsel to Exhibit 8, which is a copy of a lay-away ticket given Dennie by Montgomery Ward. This document incidentally was produced at the trial by representatives of Montgomery Ward from the company's records. We are accordingly at a loss to understand how counsel can now argue that Exhibit 8 is the item he previously sought to suppress, particularly in view of his earlier declaration at the hearing on the motion to suppress that the receipt he sought to suppress was *not* a receipt from Montgomery Ward, but a receipt from an unidentified purchaser of the television set. Suffice it to say, the prosecution upon trial did not introduce any receipt given Dennie by an unidentified purchaser of the televi-

sion set, nor was there evidence that any such item was ever taken from his person. The trial court did not err in denying the motion to suppress.

Thirdly, Davis alleges that the trial court erred in denying his motion to dismiss the third count of the indictment, which motion was interposed before trial and thereafter renewed after all the evidence was in. This motion was based on the fact that the date of the offense set forth in count three was erroneously given as June 2, 1969, instead of December 2, 1969. The prosecutor recognized this typographical error and tried to amend prior to trial, thereby giving the defendants actual notice of the true date of the alleged offense. The trial court declined to thusly amend count three, expressing doubt as to the power to amend an indictment in any particular. At the conclusion of the trial, Davis then renewed his motion to dismiss count three on the grounds of a variance between allegation and proof as to when the offense in question took place. This motion the trial court denied, holding that the date when the forged check was caused to be placed in interstate commerce was not an essential element of the crime charged and that the evidence showed that the transaction had occurred prior to the time the indictment was returned and within the applicable statute of limitation. And the jury was thereafter instructed to this same effect.

We find no error on the part of the trial court in denying Davis' several motions to dismiss count three. Certainly the general rule is that where time is not an essential element of an offense, an error in the date the offense was allegedly committed may be disregarded, so long as limitations are not involved. Stewart v. United States, 395 F.2d 484 (8th Cir.); Gregory v. United States, 364 F.2d 210 (10th Cir.), cert. denied 385 U.S. 962, 87 S.Ct. 405, 17 L. Ed.2d 307; and Butler v. United States, 197 F.2d 561 (10th Cir.). And the time or date an offense is committed is not an essential element of an offense unless

the statute makes it so. We find nothing in 18 U.S.C. § 2314 to indicate that the time of an alleged offense under that section is an essential element thereof. See Hulsey v. United States, 369 F.2d 284 (5th Cir.), where the essential elements of 18 U.S.C. § 2314 are enumerated.

Affirmed.