**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank Allen BLOSSER, Defendant-
Appellant.**

**No. 516-69.**

United States Court of Appeals,
Tenth Circuit.

March 16, 1971.

Rehearing Denied May 25, 1971.

James R. Richards, Asst. U. S. Atty.,
Denver, Colo. (James L. Treece, U. S.
Atty., was on the brief) for plaintiff-
appellee.

Henry Gonzalez, Tampa, Fla. (James
W. Wilson, and Wilson, Boltz &
Boyens, Denver, Colo., were with him
on the brief) for defendant-appellant.

Before BREITENSTEIN, SETH and
HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

This appeal is taken from a conviction for mail fraud in violation of 18 U.S.C. § 1341. Appellant was indicted on six counts under § 1341 but count two was dismissed at the close of the Government case. The jury found appellant guilty on the remaining five counts and he was sentenced to concurrent five-year indeterminate terms on these counts. On his appeal therefrom appellant argues: (1) that the trial court erroneously denied a trial continuance when change of counsel occurred, depriving him of effective assistance of counsel and a fair trial; (2) that proof was improperly admitted of transactions and events occurring more than five years before the indictment, in violation of the statute of limitations; and (3) that the instructions were misleading and inadequate, and failed to submit properly the defense of advice of counsel. We conclude that appellant's arguments must be rejected and affirm.

The general background is outlined here, with the details pertaining to appellant's issues appearing in our discussion of them below. In essence the indictment charged six violations of § 1341 by separate uses of the mails to induce deposits in the Home Industrial Bank of Aurora, Colorado, or in the receipt of such deposits. A separate company controlled by appellant purchased the bank's stock in 1962 and appellant then became the bank's President. As part of the scheme and artifice to defraud, appellant was charged with causing advertisements in letters and brochures to be circulated representing fraudulently that deposits would be safe with the bank; that it made sound and conservative investments in prime real and personal notes, collateral notes and stocks; that such investments were insured "dollar for dollar"; and that "lazy dollars" could be put to work where they are "Insured Safe," among other things.

The Government proof was that there was no Federal Deposit Insurance Cor-poration insurance or similar protection of the accounts, other than fidelity bonds; that numerous improper and unsound uses were made of the bank's funds by loans to other corporations owned or controlled by appellant or associated with him; that such improper transactions had commenced as far back as late 1962 when appellant took over the bank's management; and that after the bank was closed in 1964 by the State Banking Commission, the depositors ultimately realized only 63.6% on their deposits. The sufficiency of the Government proof to support the convictions is not challenged, but appellant urges that there were errors in procedural rulings and conduct of the trial.

■ First, appellant says the trial court abused its discretion by denying a continuance, thereby depriving him of the effective assistance of counsel and a fair trial. The case was set for trial on March 18, 1969, and that morning the motion for a continuance was presented by Mr. Wilson and Mr. Gonzalez for appellant. A motion by Mr. Erickson and Mr. Hanlon for leave to withdraw as defense counsel was also presented. Appellant's position was that Mr. Erickson had been personally retained and that now he had advised that instead Mr. Hanlon, an attorney with his firm, would participate. Appellant said that he was obliged to have new trial counsel (Wilson and Gonzalez) and was, therefore, entitled to a continuance in order for his new counsel to prepare. Mr. Wilson was retained the day before and stated that he was not prepared for trial. And stress is laid on the lack of time to prepare and the complexity of the case.

However, a prior continuance by defense counsel had been obtained several months previously for similar reasons. There was also information before the court to show that two months earlier Mr. Gonzalez was already retained in the case, although his appearance was not entered of record until the day before trial; and that Mr. Erick-

son in January had advised that he would, therefore, not participate but would make an associate available if desired, mentioning Mr. Hanlon. After hearing detailed statements of counsel, which were conflicting in part, the trial court granted the motion to withdraw and denied the continuance. Among other things the court pointed out that appellant had had Mr. Gonzalez in the case for several months and that from time to time he was considered as the one to try the case, and in any event had had exposure to it.

We are satisfied there was no abuse of discretion and so the ruling on the continuance will not be disturbed. United States v. Davis, 436 F.2d 679 (10th Cir.); United States v. Eagleston, 417 F.2d 11 (10th Cir.); United States v. Arlen, 252 F.2d 491, 494–495 (2d Cir.). While the proof was detailed and extensive in the six-day trial, there is no showing of impairment of the defense by the rulings amounting to a denial of the right to assistance of counsel, Avery v. Alabama, 308 U.S. 444, 452–453, 60 S.Ct. 321, 84 L.Ed. 377; United States v. Davis, supra, nor did the rulings deny a fair trial or due process under constitutional standards. Ungar v. Sarafite, 376 U.S. 575, 590, 84 S.Ct. 841, 11 L.Ed.2d 921. We conclude that there was no infringement on appellant's rights by the rulings.

Secondly, appellant argues that the trial court erred by admitting proof of transactions and events occurring more than five years prior to return of the indictment, saying that such proof is prejudicial and barred by the statute of limitations.[1] The Government proof did cover events in late 1962 and thereafter which occurred more than five years prior to return of the indictment in February, 1968. Such evidence bore on the existence of the scheme to defraud, the falsity of representations made, and intent. However, all uses of the mails shown to prove the offenses charged occurred within the period of the statute of limitations.

We cannot accept appellant's proposition. The gist of the offense is the use of the mails for the purpose of executing the scheme. See Weatherby v. United States, 150 F.2d 465, 466 (10th Cir.); and Little v. United States, 73 F.2d 861, 867 (10th Cir.). If the prohibited use of the mails was within the period, the prosecution is timely. Weatherby v. United States, supra, 150 F.2d at 467; Fournier v. United States, 58 F.2d 3, 6 (7th Cir.); Munch v. United States, 24 F.2d 518, 519 (5th Cir.).[2] It is no defense that the scheme was formed earlier, and proof running back of the statute is admissible to show the scheme and intent if it is connected up with the scheme existing when use of the mails occurred. Little v. United States, supra, 73 F.2d at 867; Troutman v. United States, 100 F.2d 628, 633 (10th Cir.).[3] We are satisfied that the proof complained of was properly admitted.

Third, appellant complains that the instructions were misleading and confusing, incomplete and inadequate in various respects, and failed to submit the defense of advice of counsel. On consideration of the charge as a whole and the objections we cannot agree with appellant and conclude that the jury was fully and fairly instructed.

Marvin v. United States, 279 F.2d 451, 452 (10th Cir.); and United States v. Sorce, 308 F.2d 299 (4th Cir.), cert. denied, 377 U.S. 957, 84 S.Ct. 1635, 12 L.Ed.2d 500.

---

1. The five-year statute of limitations provided by 18 U.S.C. § 3282 applies, barring prosecution unless the indictment is found or the information is instituted within five years after the offense.

2. Counts 1 and 5 were based on mailings made or caused by appellant to depositors. Counts 3, 4 and 6 were based on taking from the mails checks obtained from depositors, which use of the mails is also covered by § 1341. See

3. We have considered Carroll v. United States, 326 F.2d 72 (9th Cir.), and United States v. Strewl, 99 F.2d 474 (2d Cir.), relied on by appellant. However, the cases arose under different statutes and are clearly distinguishable.

■ The jury was clearly charged on the presumption of innocence, the criminal intent required, and the burden resting on the Government to prove all elements of the offense beyond a reasonable doubt. The instructions met the requirements of Beck v. United States, 305 F.2d 595 (10th Cir.), cert. denied, 371 U.S. 890, 83 S.Ct. 186, 9 L.Ed.2d 123, which states the essential elements of proof as (1) the existence of a scheme or artifice to defraud or for the obtaining of money by means of false pretenses, representations or promises, and (2) the use of the United States mails in furtherance of such scheme or artifice.[4] And the charge made careful analysis of the extensive indictment and proof pertinent to the burden borne by the Government. Therefore, we are satisfied that the charge was not misleading, confusing or inadequate in respect of the required elements and the nature of the case before the jury.

■ Appellant's principal objection to the charge is that it failed to submit the defense theory of advice of counsel. The instructions had dealt with the defense of good faith in accord with Sparrow v. United States, 402 F.2d 826 (10th Cir.). When the advice of counsel matter was mentioned the court stated to the jury that in commenting on this defense of good faith, he thought the defendant offered evidence of consulting counsel and that this was evidence they might consider. We feel that the instruction was adequate in this regard. See Linden v. United States, 254 F.2d 560, 568 (4th Cir.).

■ Appellant says that by referring to certain allegations as unproved there was an implication that others were established. We need not consider whether the point has substance, for the trial court added a further statement that he was not saying the evidence offered in respect to other allegations was sufficient. And further appellant argues that there was no yardstick given for considering circumstantial evidence. The familiar instruction (not seemingly beneficial to a defendant) that intent may be proved by circumstantial evidence was not given. Nevertheless, in view of the clear charge on the Government's burden of proof, the standard of reasonable doubt, the elements of the offense and the analysis of the proof with respect to them, we are satisfied that the jury was given sufficient guidance for the weighing of all the evidence—circumstantial and direct.[5]

In sum we are satisfied that the instructions fully and fairly submitted the case, including appellant's theories of a defense, and that the objections are not well taken.

Affirmed.

---

4. In addition to stating that the elements included the existence of a scheme or design to defraud by making false and fraudulent pretenses or representations and the use of the mails to execute such a plan, as a precaution the trial court also included a third element of knowing or intentional use of the mails to carry out the scheme. Under our decisions this third element is not required but was included from standard instructions.

5. Along with its other basic instructions the charge covered the standard of reasonable doubt so that the required fundamentals for weighing circumstantial as well as direct evidence were included. See Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L.Ed. 150.