**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

OLABODE OLATONI OLUGBOYEGA,

Petitioner-Appellant,

v.

PAUL GUZIK and
IMMIGRATION AND
NATURALIZATION SERVICE,

Respondents-Appellees.

No. 96-6162

(D.C. No. CIV-95-1784-C)
(W.D. OKLA.)

ORDER[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.[**]

This matter is before the court on Petitioner Olabode Olatoni Olugboyega's

application for a certificate of probable cause to appeal the district court's denial of his

---

[*]     This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

28 U.S.C. § 2241 petition for a writ of habeas corpus. We treat the application as an application for a certificate of appealability under Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996), cert. denied, 65 U.S.L.W. (U.S. Jan. 13, 1997) (No. 96-6621). Because Petitioner has not made a substantial showing of the denial of a constitutional right, we deny his application and dismiss the appeal.

Petitioner is serving a 43-month sentence for conspiracy to transport stolen vehicles and altering vehicle identification numbers. Petitioner does not challenge his conviction and sentence. He instead contends that he has been denied participation in an urban work center as well as furlough and halfway house programs in violation of his equal protection and due process rights.

The Magistrate Judge recommended dismissing the petition for multiple jurisdictional defects, including Petitioner's failure to exhaust administrative remedies. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam); see also United States v. Woods, 888 F.2d 653, 654 (10th Cir. 1989), cert. denied, 494 U.S. 1006 (1990). The district court reviewed the Magistrate Judge's recommendation, considered Petitioner's objections, and dismissed the petition for jurisdictional defects. The district court further found that Respondent Immigration and Naturalization Service only placed a detainer on Petitioner, and ruled that a detainer is not a final order of deportation subject to habeas review. See Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994) (noting that a detainer usually only serves as a notice to prison authorities that the INS is

2

going to be making a decision about the deportability of the alien in the future), cert. denied, 115 S. Ct. 741 (1995). Moreover, the district court agreed with the Magistrate Judge in concluding that Petitioner's claims were meritless, regardless of the jurisdictional defects.

We have reviewed the Magistrate Judge's report and recommendation, the district court's order, Petitioner's objections and brief on appeal, and the entire record before us. Petitioner merely reurges the same arguments rejected by the Magistrate Judge and the district court. We conclude that Petitioner has failed to make a substantial showing of the denial of a constitutional right for the reasons set forth in the Magistrate Judge's report and recommendation and the district court's order. See Hogan v. Zavaras, 93 F.3d 711, 712 (10th Cir. 1996). Accordingly, we deny Petitioner's application for a certificate of appealability and dismiss the appeal.

APPLICATION DENIED AND APPEAL DISMISSED.


Entered for the Court,


Bobby R. Baldock
Circuit Judge