**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 20 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE RAFAEL ABELLO-SILVA,

    Defendant-Appellant.

Case No. 96-5034

(D.C. 87-CR-140-C)
(Northern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before TACHA, HENRY, and BRISCOE, Circuit Judges.

---

Defendant Jose Rafael Abello-Silva was tried and convicted of conspiracy to import cocaine and marijuana in violation of 21 U.S.C. § 963, and conspiracy to possess cocaine and marijuana with intent to distribute in violation of 21 U.S.C. § 846. Mr. Abello was sentenced to concurrent terms of thirty years imprisonment on each count and fined a total of $5,000,000. This Court affirmed his conviction in United States v. Abello-Silva, 948 F.2d 1168 (1991).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Thereafter, Mr. Abello moved the district court for a new trial pursuant to Fed. R. Crim. P. 33, alleging "newly discovered evidence." At the same time, Mr. Abello moved to defer ruling on his Rule 33 motion until he could supplement it with newly discovered evidence. The district court deferred ruling on the motion for sixty days and then granted another twelve-day continuance. After Mr. Abello was allowed a substitution of counsel, the district court denied another motion for continuance.

Judge Thomas R. Brett later held an evidentiary hearing on the motion for a new trial. After the hearing, Mr. Abello moved for Judge Brett's recusal pursuant to 28 U.S.C. § 455(a). Judge Brett recused himself, and the case was assigned to Judge H. Dale Cook.

Mr. Abello submitted a memorandum requesting a new evidentiary hearing. Judge Cook denied Mr. Abello's request for a new hearing. As the district court did not abuse its discretion by refusing to grant Mr. Abello a new trial or his other requested relief, we affirm.

## A. New Evidentiary Hearing

Mr. Abello contends that the district court improperly denied his motion for a new evidentiary hearing. He contends that a new hearing was necessary because: (1) Judge Cook was unfamiliar with the case; (2) Mr. Abello submitted a recantation affidavit from a government witness; (3) Judge Brett's partiality tainted the evidentiary hearing; and (4) Mr. Abello was precluded from establishing the unreliability of a government witness during the evidentiary hearing. We will review each of these contentions in turn; we

review the denial of an evidentiary hearing for abuse of discretion. <u>United States v. Gines</u>, 964 F.2d 972, 977 (10th Cir. 1992).

First, Mr. Abello is not persuasive in arguing that a new hearing was necessary because Judge Cook was unfamiliar with the case. In his order denying the hearing, Judge Cook stated: "The Court has painstakingly endeavored to review the voluminous record of testimony presented in [Mr.] Abello's trial, as well as the briefs and exhibits submitted in connection with this motion." Order (dated Jan. 26, 1996) at 3. This statement, and the district court's detailed findings, establish that Judge Cook thoroughly considered the transcript of the evidentiary hearing.

Second, Mr. Abello's memorandum requesting a new hearing depended upon the recanted testimony of government witness Martin Ceballos. However, no mention was made of the Ceballos testimony in Mr. Abello's Rule 33 motion, and Mr. Abello filed the memorandum after the district court made it clear that the record was closed. Although the court granted permission to supplement the record in order to address issues already raised, this did not give Mr. Abello "license to build a new record," <u>Anthony v. United States</u>, 667 F.2d 870, 875 (10th Cir. 1981), by adding new issues.

Third, Mr. Abello's recusal motion made no allegation of actual bias or impropriety on the part of Judge Brett. Judge Brett granted Mr. Abello's recusal motion under 18 U.S.C. § 455(a), which is "concerned with perceptions rather than actual defects in the administration of justice." <u>United States v. Murphy</u>, 768 F.2d 1518, 1540 (7th Cir.

3

1985). The <u>Murphy</u> court continued: "[A]ny appearance of impropriety under § 455(a) is not actual impropriety, so that recusal does not retroactively invalidate judicial acts that preceded the motion that [the defendant] filed." <u>Id.</u> at 1541. Moreover, disqualification runs from the time the motion was made or granted. <u>Id.</u> at 1539. In <u>Murphy</u>, the court did not "vacate all of the judge's earlier orders and require the new judge to start afresh." <u>See id.</u> Similarly, the evidentiary hearing here should not be nullified.

Mr. Abello also claims that Judge Brett abused his discretion by refusing to admit testimony from Stanley Birch, a convicted drug trafficker, at the evidentiary hearing, and that a new hearing is therefore necessary. This argument is without merit. The record does not suggest that the testimony was newly discovered; there is no indication that Mr. Birch could not have testified at Mr. Abello's trial. <u>See</u> Aple's Suppl. App. vol. I at 115, 124. Therefore, Judge Brett acted well within his discretion when he refused to admit Mr. Birch's testimony.

Fourth, Mr. Abello is incorrect that a new hearing was warranted based on testimony about information that Assistant United States Attorney Ellen Cohen may have acquired about dismissals in <u>United States v. Polastri-Selvaggi</u>, 91-8011-CR-R. Mr. Abello makes this same argument in his unsuccessful motion for a new trial. These dismissals occurred two to three years after Mr. Abello's trial and thus could not have been the subject of testimony there. As a general rule, "newly discovered evidence" must have been in existence at the time of trial. <u>United States v. Lafayette</u>, 983 F.2d 1102,

4

1105 (D.C. Cir. 1993). We are concerned with the fairness of the trial at the time of trial. Evidence discovered after the trial is usually not admissible unless highly probative, and likely to produce an acquittal. United States v. Stevens, 978 F.2d 565, 569-70 (10th Cir. 1992). Accordingly, Judge Brett did not abuse his discretion in refusing to admit this testimony at the hearing, and, as such, no new hearing was warranted.

## B. New Trial

Mr. Abello argues that the district court improperly denied his motion for a new trial. He contends that a new trial was necessary because of "newly discovered" evidence that government witnesses Boris Olarte and Clara Lacle perjured themselves. Mr. Abello contends that Mr. Olarte's perjury is clear because: (1) the government did not use Mr. Olarte as a witness in United States v. Noriega, No. 88-0079-OR, because of his credibility problems, and (2) the Polastri-Selvaggi dismissals were obtained by prosecutors to avoid production of documents that would have impeached Mr. Olarte's credibility in this prosecution. Mr. Abello also relies on "newly discovered" affidavits from several witnesses.

Mr. Abello's motion for a new trial fails for substantially the same reasons as his motion for an evidentiary hearing. We review the denial of a motion for a new trial for abuse of discretion. United States v. Thornbrugh, 962 F.2d 1438, 1443 (10th Cir. 1992). A motion for a new trial is not regarded with favor and should only be granted with great

caution.  Id.; United States v. Kelley, 929 F.2d 582, 586 (10th Cir. 1991); United States v. Page, 828 F.2d 1476, 1478 (10th Cir. 1987).

A motion based on newly discovered evidence must demonstrate:  (1) that the evidence is more than impeaching or cumulative; (2) that the evidence is material to the issues involved; (3) that the evidence would probably produce an acquittal; (4) that the evidence was discovered after trial; and (5) that the late discovery of the evidence was not caused by the defendant's own lack of diligence.  Stevens, 978 F.2d at 569-70; Lewis v. United States, 771 F.2d 454, 456-457 (10th Cir. 1985); United States v. Allen, 554 F.2d 398, 403 (10th Cir. 1977).

The record fails to support Mr. Abello's demand for a new trial for several reasons.  First, Mr. Abello was allowed to present evidence at trial about the government's decision not to use Mr. Olarte in Noriega.  Therefore, the evidence of Mr. Olarte's unreliability is, at best, cumulative.

Second, the evidence of Mr. Olarte's unreliability would probably not produce an acquittal.  As the district court noted:

> It cannot be said that [Mr.] Olarte's testimony was the critical factor which led to [Mr.] Abello's conviction.  The testimony of several other witnesses establishes that [Mr. Abello] committed the acts which were charged in the indictment against him.  Even without [Mr.] Olarte's testimony, a reasonable jury could indeed conclude, beyond a reasonable doubt, that [Mr.] Abello is guilty as charged.

Order (dated Jan. 26, 1996) at 3.  Similarly, this Court noted that "[t]he record is replete with impeachment evidence against [Mr.] Olarte."  Abello-Silva, 948 F.2d at 1181.

6

Third, the Polastri-Selvaggi dismissals, as we explained earlier, were not "newly discovered": they occurred after Mr. Abello's trial and could not have been presented as evidence there. See Lafayette, 983 F.2d at 1105.

Fourth, Mr. Abello never submitted an affidavit from Ms. Lacle recanting her testimony, and never claimed that he was unable to do so. Therefore, the district court properly disregarded her alleged recantation.

Finally, the "newly discovered" affidavits, which were not within the scope of Mr. Abello's motion for a new trial, were from long-time friends and relatives of Mr. Abello and thus were known to him at the time of trial. Therefore, the affidavits were not "newly discovered." See United States v. Muldrow, 19 F.3d 1332, 1339 (10th Cir. 1994) ("[E]vidence is not newly discovered if the defendant was aware of the proposed testimony prior to trial." (citing United States v. DiBernardo, 880 F.2d 1216, 1224-25 (11th Cir. 1989))). Consequently, we find no abuse of discretion.

## C. Continuance

Mr. Abello argues that the district court improperly denied his motions for continuance of the April 1, 1994 evidentiary hearing. We review the denial of Mr. Abello's motions for abuse of discretion. United States v. Wynne, 993 F.2d 760, 767 (10th Cir. 1993).

Mr. Abello asserts he was entitled to a continuance after his substitution of counsel because his new attorney required additional time to prepare for the evidentiary hearing.

7

Mr. Abello alludes to the complexity of the case and voluminous discovery, and alleges he suffered prejudice from the denial of his motions. He also suggests: (a) that his attorney wished to submit documents relating to unspecified Brady materials and to subpoena Mr. Abello's previous counsel after the evidentiary hearing, and (b) that his attorney was unaware that the record would be closed after the evidentiary hearing.

The record indicates that Mr. Abello's counsel could have easily obtained the information he desired to present at the evidentiary hearing. In addition, the evidentiary hearing was more than two years after the conclusion of Mr. Abello's trial. Merely changing counsel, especially in a case that has been litigated as long as this one, does not justify continuances requiring more time. See United States v. La Monte, 684 F.2d 672, 673-74 (10th Cir. 1982); United States v. Blosser, 440 F.2d 697, 698-99 (10th Cir. 1971). The district court did not abuse its discretion in denying the motions for continuance.

## D. Discovery

Mr. Abello maintains that the district court abused its discretion when it refused to allow further discovery. Control of discovery rests in the sound discretion of the district court. Martinez v. Schock Transfer & Warehouse Co., 789 F.2d 848, 849-50 (10th Cir. 1986). Mr. Abello asked the district court to compel the government's production of several items, including alleged Brady and impeachment materials, that would "assist the defense in establishing a basis for a motion for a new trial." Aple's Suppl. App. vol. I, doc. 6 at 5.

8

Mr. Abello alleges discovery should have been allowed given "the glaring nature of the <u>Brady</u> violations in this case." Aplt's Br. at 47. The purported "sole basis" of Mr. Abello's Rule 33 motion was newly discovered evidence. The alleged <u>Brady</u> materials requested by Mr. Abello were produced by the government and thus were not newly discovered. Any additional items were, at best, cumulative impeachment materials. The district court properly denied Mr. Abello's attempt to expand the scope of his motion.

Furthermore, Mr. Abello waited until a week before the expiration of Rule 33's two-year deadline to file his motion for a new trial. The district court granted Mr. Abello sixty days to supplement his motion and then further deferred its ruling. Given the timing of the Rule 33 filing, the granting of the motion to recuse, the allowing of change in counsel, and the granting of an additional 72 days to supplement the record, the district court's refusal to permit discovery is certainly reasonable. We find no abuse of discretion. The district court's decisions are AFFIRMED.

Entered for the Court,

Robert H. Henry
Circuit Judge

9