**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,,

v.

JOSE RAFAEL ABELLO-SILVA,

　　　　Defendant - Appellant.

No. 99-5096

(D.C. No. 99-CV-298-C)

(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

　　　　After examining Defendant-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

　　　　This is a pro se appeal from proceedings arising from a motion filed in the district court under Rule 12(b)(2) and (f) of the Federal Rules of Civil Procedure. Defendant Jose Rafael Abello-Silva was convicted of conspiracy to import

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

cocaine and marijuana and conspiracy to possess cocaine and marijuana with intent to distribute. He was sentenced to two concurrent terms of thirty years' imprisonment and fined $5,000,000. We affirmed his conviction and sentence in United States v. Abello-Silva, 948 F.2d 1168 (10th Cir. 1991). Defendant filed for post-conviction relief, which the district court denied. This court again affirmed the district court. See United States v. Abello-Silva, 107 F.3d 22, 1997 WL 72979 (10th Cir. 1997) (Table).

In the instant motion, Defendant challenged the district court's jurisdiction to entertain the indictment, arguing that Acts of Congress only apply in the District of Columbia, Puerto Rico, the U.S. Virgin Islands, Guam, and America Samoa but not in the sovereign states of the United States and not as applied to a citizen of Columbia. The district court properly construed the motion as one brought pursuant to 28 U.S.C. § 2255. Although the court found the § 2255 motion time-barred under AEDPA, it also denied the motion on its merits, explaining that Defendant "was convicted of offenses 'which fall squarely under federal jurisdiction.'" R., Vol. I, Doc. 482 at 2, n.1 (quoting United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993)). This appeal followed and Defendant requests a certificate of appealability from this court.[1]

_____

[1]The district court did not rule on Defendant's request for a certificate of appealability. Under our Emergency General Order of October 1, 1996, we deem

(continued...)

After reviewing Defendant's brief, his application for a certificate of appealability, and the record on appeal, we conclude that Defendant has failed to substantially show the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). His conviction became final on October 5, 1992, and he filed this motion on January 26, 1999. Not only is his motion time-barred under the AEDPA but the trial court undoubtedly possessed jurisdiction over Defendant's offenses which violated 21 U.S.C. §§ 841, 846, 960(b)(1)(B), (G), and 963.

The application for a certificate of appealability is DENIED, and the appeal is DISMISSED.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1](...continued)
the district court's failure to issue a certificate of appealability within thirty days after filing of the notice of appeal as a denial of the certificate. See United States v. Riddick, 104 F.3d 1239, 1241 n.2 (10th Cir.), overruled on other grounds by United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), cert. denied, __ U.S. __ , 118 S. Ct. 1375 (1998).