## STATE v. GARDNER.

No. 4041.  Decided August 30, 1923.  (217 Pac. 976.)

CRIMINAL LAW—ORDERS DENYING, TO ONE CONVICTED OF AND SENTENCED FOR CAPITAL OFFENSE, APPLICATION TO HAVE SANITY TESTED, AND REFUSING NEW TRIAL, NOT APPEALABLE.  In view of Comp. Laws 1917, §§ 9174-9178, an order of the trial court, denying to one convicted of homicide and sentenced to death, an application to have his sanity determined by a jury, and an order denying a motion for new trial, are not appealable; sections 9327-9332 not applying to capital cases after judgment.

Appeal from District Court, Third District, Salt Lake County; *Ephraim Hanson,* Judge.

George H. Gardner was convicted of homicide, and, by his next friend, Louis Schefski, made application in the district court for a jury trial to have his sanity determined.  From an award denying the application, and an order overruling his motion for a new trial, he appeals.

APPEAL DISMISSED.

*S. P. Armstrong,* of Salt Lake City, for appellant's next friend.

*H. H. Cluff,* Atty. Gen., and *W. Hal. Farr,* Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant presents an appeal by next friend, from the order of the trial court refusing to submit the question of the defendant's sanity to a jury.  The appellant, George H. Gardner, was convicted of the crime of murder in the first degree on May 11, 1922, and was by the court sentenced to be executed pursuant to such conviction.  Thereafter he appealed to this court, and this court, by its decision rendered

March 6, 1923, affirmed the judgment of the lower court. *State* v. *Gardner*, 61 Utah 359, 213 Pac. 794.

Thereafter the defendant was resentenced to be shot to death on May 25, 1923, and on May 24, 1923, the Governor of the state of Utah issued a reprieve until the 16th day of June, 1923. The reprieve was granted for the purpose of inquiring into the question as to the defendant's sanity at that time.

The Governor appointed a commission of experts to investigate the allegation that the defendant was then insane, and the commission thereafter found that the defendant was sane.

After the commission made its report to the Governor, the defendant was resentenced, and thereafter counsel for appellant filed a complaint in the district court, by his next friend, alleging that the defendant had become insane since the pronouncing of the sentence, and requested that the judge of the district court impanel a jury to inquire into and pass upon defendant's sanity, which, after hearing evidence on the subject, the judge refused to do, and thereupon entered an order denying the application for a jury trial.

Counsel for defendant thereupon filed a motion for a new trial, which was also denied. He now attempts to appeal from the two orders, namely, the order denying the request for jury trial upon the question of sanity, and the order denying the motion for new trial.

A motion has been interposed by counsel for the state to dismiss the appeal; said motion being based mainly upon the ground that the orders, rulings, and acts of the district court in denying the motion for a new trial, and the request for a jury trial on the question of sanity, are not reviewable under the law of this state.

The only question which is at all material, and which should be considered at this time, is the question raised by the motion to dismiss.

Counsel for appellant relies upon Compiled Laws Utah 1917, §§ 9327 to 9332, inclusive. These sections are not applicable to capital cases after judgment. Sections 9174 to 9178, inclusive, apply and are controlling in the instant case, and read as follows:

Sec. 9174. "No judge, tribunal, nor officer, other than the Governor or the board of pardons, can suspend the execution of a judgment of death, except the sheriff, as provided in the six succeeding sections, unless an appeal is taken."

Sec. 9175. "If, after judgment of death, there is good reason to suppose that the defendant has become insane, the sheriff of the county, with the concurrence of the judge of the court by which the judgment shall have been rendered, may summon from the list of the jurors selected by the proper officers for the year a jury of twelve persons to inquire into the supposed insanity, and must give immediate notice thereof to the county attorney or other counsel for the state."

Sec. 9176. "The county attorney must attend the inquisition, and may produce witnesses before the jury, for which purpose he may issue process in the same manner as for witnesses to attend before the grand jury, and disobedience thereto may be punished in like manner as disobedience to process issued by the court."

Sec. 9177. "A certificate of the inquisition must be signed by the jurors and the sheriff, and filed with the clerk of the court in which the conviction shall have been had."

Sec. 9178. "If it is found by the inquisition that the defendant is sane, the sheriff must execute the judgment; but if it is found that he is insane, the sheriff must suspend the execution of the judgment until he receives a warrant from the president of the board of pardons or from the judge of the court by which the judgment shall have been rendered, directing the execution of the judgment. If the inquisition finds that the defendant is insane, the sheriff must immediately transmit it to the board of pardons who may, when the defendant becomes sane, issue a warrant appointing a day for the execution of the judgment."

Upon the question as to whether or not an appeal may be taken from the orders of the trial court hereinbefore referred to, we hold that the ruling upon such orders by the trial court is not appealable. 13 Std. Enc. Proc. 556; 12 Cyc. 799; *State* v. *Nordstrom*, 21 Wash. 403, 58 Pac. 248, 53 L. R. A. 584; *People* v. *Lawson*, 178 Cal. 722, 174 Pac. 885; *Darnell* v. *State*, 24 Tex. App. 6, 5 S. W. 522; *Davidson* v. *Commonwealth*, 174 Ky. 789, 192 S. W. 846; Buswell on Insanity, § 461.

A perusal of the record in this case shows conclusively that the defendant's rights have been fully protected in every way. We are satisfied that the judgment of the court upon the merits, as well as upon the questions presented by this attempted appeal, is right.

Our conclusion is that the action of the trial court in the premises is not subject to review by this court, and the motion to dismiss the appeal is therefore granted.

Appeal dismissed.