380 P.2d 457

**Lloyd C. COBB, Plaintiff,**

**v.**

**Marcellus K. SNOW, Third Judicial District Court Judge, in and for Salt Lake County, State of Utah, Defendant.**

No. 9889.

Supreme Court of Utah.

April 15, 1963.

Gustin, Richards & Mattsson, Salt Lake City, for plaintiff.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for defendant.

PER CURIAM.

In the prior case petitioner (defendant there) appealed from a conviction of ob-

1. Rosander v. Larsen, 14 Utah 2d 1, 376 P. 2d 146.

2. Ibid.

taining goods by misrepresentation (State v. Cobb, 13 Utah 2d 376, 374 P.2d 844). He contended that errors were committed which deprived him of a fair trial and his contention was sustained and the judgment was reversed. He now asserts that such reversal, without an express order for a new trial, entitles him to absolute discharge, citing Secs. 77–42–3, 4 and 7, U.C.A.1953.

We disagree. It is well established that where the defendant has complained that errors *vitiate* the judgment and it is nullified at his request, he cannot also claim that there *is* a judgment which precludes further proceedings against him.[1] In the absence of express mandate, it is both necessary and proper to consider the entire context of the prior decision to determine what further proceedings the interests of justice require. Doing so in the instant case makes plain that what petitioner is entitled to is a new trial eliminating the errors which necessitated setting aside the judgment.

The petition for a writ to prohibit the district court from proceeding with a new trial for the petitioner is denied. No costs awarded.

[1]. See State v. Lawrence, 120 Utah 323, 234 P.2d 600; State v. Kesseler, 15 Utah 142, 49 P. 293; State v. Lamoreaux, 20 N.J.Super. 65, 89 A.2d 469, held that a defendant who appealed to nullify a judgment and succeeded in wiping out the judgment left himself subject to prosecution upon the charge as though no judgment had been entered, citing a plethora

of authorities, including Spriggs v. United States, 9 Cir., 225 F.2d 865, in which a situation almost identical to our case existed. The court commented: "The direction on review of the judgment in the first case reads 'Reversed.' * * * He was not discharged by this Court. A reversal sets aside the judgment, but allows the indictment to stand."