433 P.2d 1015

**Hugh BOYER, Plaintiff,**

**v.**

**Delmar L. (Swede) LARSON, Sheriff of Salt Lake County, Utah, Defendant.**

No. 11020.

Supreme Court of Utah.

Nov. 17, 1967.

Robert M. McRae Hatch, McRae & Richardson, Salt Lake City, for plaintiff.

Lauren N. Beasley, Deputy County Atty., Salt Lake County, Salt Lake City, for defendant.

ELLETT, Justice:

The plaintiff brought a writ of habeas corpus in this court claiming that he was convicted of violating a city ordinance after having once been in jeopardy with reference thereto. He is one of seven defendants whose cases were improperly dismissed by the District Court upon appeals made from conviction in the City Court. See Salt Lake City v. Hanson, 19 Utah 2d 32, 425 P.2d 773.

 Let us examine this case to see if the defendant was ever in jeopardy. He was tried and convicted in the City Court of Salt Lake City and appealed to the District Court, where he would get a trial de novo. Before defendant was arraigned in that court, the district judge, for reasons which we held to be erroneous, dismissed the case. We, therefore, have the question before us of determining whether the dismissing of a case before arraignment constitutes jeopardy. The answer is obvious that it does not. Jeopardy is the peril in which a prisoner is put when he is regularly charged with crime before a tribunal properly organized and competent to try him. He is in no peril until a jury is duly impaneled and sworn to return a just verdict into the court or, if tried to the court without a jury, after the trial of the case is begun. No trial de novo in the District Court was ever begun, so there could be no jeopardy by which the defendant can claim a sanctuary against his subsequent trial, conviction, and sentence in the District Court; but he claims a loophole in the law through which he is entitled to escape the penalties attendant upon his unlawful acts. This claim of sanctuary is based upon the interpretation which he wants to place upon two sections of Utah Code Annotated 1953, which are set out as follows:

77–51–4. The court may, either of its own motion or upon the application of the district attorney, in furtherance of justice order an action, information or indictment to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes.

77–51–6. An order for the dismissal of an action as provided in this chapter shall be a bar to *any other prosecution*

for the same offense, if it is a misdemeanor; but shall not be a bar, if the offense is a felony. (Emphasis added.)

 It is defendant's claim that the trial court having once dismissed his case, a misdemeanor, it is a bar to any further proceeding against him, albeit the dismissal was by this court reversed. It will be noticed that a dismissal is a bar to "any other prosecution for the same offense". When this court reversed the dismissal, was the prosecution of the defendant in that same case *any other prosecution,* or was it merely the same prosecution which had never been begun de novo in the District Court? We think it was the latter.

Supporting this view is the case of Condos v. Superior Court, 29 Ariz. 186, 239 P. 1032. There the defendant appealed a conviction from the City Court.

The county attorney moved to dismiss the case, and the District Court granted the motion. Later the city attorney and county attorney persuaded the District Court to set aside the dismissal and reinstate the case. Arizona had a statute practically identical with the Utah statute above set out. The defendant asked for a writ prohibiting the Superior Court from further proceeding in the case. The Arizona Supreme Court in disposing of the matter said:

There is but one question of law for us to consider: Did the superior court have

the right to vacate its order dismissing the action? If it did, the writ of prohibition must be denied; if it did not, it should be made permanent. Condos' position is that he was charged with a misdemeanor, and that, the same having been dismissed upon the application of the county attorney, such dismissal was a bar to any other prosecution for the same offense. * * *

* * * * * *

* * * A criminal cause on appeal to the superior court is tried de novo, and it is obvious that the vacation of an order dismissing the action does not create a double jeopardy. It is only by virtue of the statute, indeed, that the dismissal of any misdemeanor charge is a bar to even another prosecution for the same offense, and this, of course, is not another prosecution but the original one.

The defendant has twice been found guilty of his misdeeds. We do not think he is entitled to be freed from a sentence which he does not claim is unjust, because we do not believe that he has been harassed by *any other prosecution* as he would have us believe.

The petition for writ of habeas corpus is denied and the plaintiff remanded to the custody of the defendant to be dealt with according to the commitment issued from the

District Court.[1] Each party to bear his own costs.

CROCKETT, C. J., and TUCKETT, J., concur.

CALLISTER and HENRIOD, JJ., vote to deny the petition.

---

1. In ruling as we do, we are aware of dictum in the case of State v. Johnson, 100 Utah 316, 114 P.2d 1034, apparently indicating a contrary opinion. That case was not cited by either counsel as authority, and we do not regard it as such.