481 P.2d 394

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Juan P. JARAMILLO, Defendant and Appellant.**

**No. 12259.**

Supreme Court of Utah.

Feb. 18, 1971.

Robert Van Sciver, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, David S. Young, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice.

Defendant was charged with the crime of robbery. After first entering a plea of not guilty, he withdrew that plea and pled guilty to the charge. Pursuant thereto he was sentenced and committed to the Utah State Prison. Thereafter a determination was made that in connection with the entry of his plea he had not been accorded proper protection of his constitutional rights, and the judgment and sentence was vacated. In subsequent proceedings he again entered a plea of not guilty and, upon a trial by jury, was duly convicted, sentenced and recommitted to the Utah State Prison.

■ Defendant raises the issue of former jeopardy,[1] arguing that the trial court should have submitted that question to the jury for its determination, citing Sec. 77–27–1, U.C.A.1953. It is true that that section provides for the determination of such an issue by a jury. However, this presupposes that there is such an issue for determination: that is, that there is some basis upon which reasonable minds could so conclude.[2] But in this case there was no such issue. Taking the facts exactly as claimed by the defendant and as recited herein, there is no basis upon which former jeopardy could be found.

Where the defendant has complained of errors that vitiate the prior proceedings and judgment and they are nullified at his request, he cannot then take the inconsistent position that there was a valid proceeding and judgment against him which constitute a former jeopardy. When he makes such a successful attack upon his conviction because of some prejudicial error, what he is entitled to is a trial or other appropriate proceeding in the absence of the error.[3]

■ Defendant's other complaint is that in imposing sentence and issuing the commitment the trial court failed to give him credit for 30 months incarceration under the previous sentence. It is not to be doubted that fairness and justice require that where one has already served a part of the sentence for an offense, if something has proved amiss so that the conviction or the sentence must be set aside, and there are further proceedings pursuant to which he is again sentenced for the identical offense, he should have credit for whatever portion of the sentence he has already served.[4]

1. Sec. 12, Art. I, Utah Const., provides that no person shall "be twice put in jeopardy for the same offense"; and see Sec. 77–1–10, U.C.A.1953; Amendment V, U.S.Const.

2. See discussion for this Court by Larson, Justice, in State v. McIntyre, 92 Utah 177, 66 P.2d 879.

3. See Cobb v. Snow, 14 Utah 2d 170, 380 P.2d 457; State v. Lawrence, 120 Utah 323, 234 P.2d 600; United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627.

4. See North Carolina v. Pearce, 395 U.S. 711, 718–719, 89 S.Ct. 2072, 23 L.Ed.2d 656.

 The difficulty here is in devising a mathematical formula to give the defendant such credit. Under our State law the penalty for most crimes is an indeterminate sentence by which the trial court imposes a minimum and maximum and it is left to the Board of Pardons to determine the actual amount of time to be served.[5] The penalty for robbery is "for a term not less than five years, and which may be for life." In order to give the defendant literal credit for the time served, his sentence would have to be "for a term of not less than five years, minus 30 months, and which may be for life, minus 30 months." No elaboration is necessary to make apparent the difficulties that would be encountered in trying to determine and carry out a maximum sentence of life imprisonment, minus 30 months.

The answer to this perplexity is to be found in practical common sense. Both the prison authorities and the Board of Pardons have available to them the total record of the defendant. They are aware that fairness and justice require that the time he had served should be taken into consideration, in connection with all of the other factors, including his behavior and the progress he makes at penitence and rehabilitation, in determining the proper time for his probation, and also for the termination of his sentence. This we say hopefully should not require a determination of

what the maximum would be, of life minus 30 months.

Affirmed. No costs awarded.

CALLISTER, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.