STATE of Utah, Plaintiff and Respondent,

v.

Gene H. WADMAN, Defendant and Appellant.

No. 15400.

Supreme Court of Utah.

May 23, 1978.

---

**236**

H. Don Sharp, Ogden, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, Milton Hess, Davis Co. Atty., Farmington, for plaintiff and respondent.

WILKINS, Justice:

All statutory references are to Utah Code Annotated, as enacted in 1973, Title 76, Utah Criminal Code (1977 Edition) unless otherwise indicated.

Defendant was charged by Information with the Crime of Forcible Sexual Abuse, a third degree felony, in violation of Sec. 76–5–404.

The case was tried before the District Court for Davis County sitting without a jury and the defendant was found guilty as charged. At sentencing, the District Court entered a judgment of conviction for a class A misdemeanor, the next lower category of offense to the one on which he was found guilty, pursuant to Sec. 76–3–402, and sentenced accordingly.

The defendant separated from his wife on December 30, 1976. Within a few days thereafter, defendant's wife filed for a divorce against defendant and a criminal complaint was also filed charging him with forcible sexual abuse against the daughter, age 7, of defendant's wife by a previous marriage. He waived preliminary hearing and an information was subsequently filed against him as noted ante.

After the information was filed, defendant, in a motion for a bill of particulars, moved the state to supply him, inter alia, with the dates, approximate times, and specific locations where the alleged incidents constituting the offense occurred. The State replied alleging—as pertinent here—that the incidents occurred on or about November 29, 1976, December 12, 1976, and December 30, 1976. Defendant then filed a notice of alibi concerning the incidents occurring allegedly on November 29, 1976, and December 30, 1976. The State later filed an amended reply for the bill of particulars, amending the date of on or about November 29, 1976, to on or about November 28, 1976. Defendant filed no other notice of alibi.

There is no need to recite in detail the evidence concerning these incidents. In general, the incriminating evidence consisted of testimony by the defendant's wife and the child of fondling the child's genitals by the defendant and her stroking of his private parts.

▪ Defendant states as his first claim of error that the District Court permitted evidence concerning the incident allegedly occurring on or about November 28, 1976, to be admitted on an unspecified date other than the exact date of November 28, 1976. The child testified that one incident occurred near Thanksgiving, which was on November 25 in 1976. Defendant did not assert a defense of alibi after the amended answer to the bill of particulars listing the

on or about November 28th date. In this case, it is not the *exact* date, but testimony about the places and circumstances of the incident that control coupled with testimony that the time of occurrence of the incident was near Thanksgiving (November 25th) and that latter testimony does not offend an answer in the amended bill of particulars that this incident occurred on or about November 28th.[1]

We do not suggest that a casual or relaxed attitude ought to prevail concerning the State's duty to have its evidence at trial coincide with matters specified in bills of particular, but for reasons given ante, we perceive no violation of that duty in this case.

The defendant also claims that the evidence is insufficient to sustain a guilty finding by the court as—in essence—it is not credible. We do not agree.

Defendant argues that neither the testimony of defendant's wife or the child was believable because his wife was vindictive, bent on revenge against him; and the child was being controlled by her mother, on occasion changing her testimony, giving testimony inconsistent with her mother's and making statements about defendant's digital insertion into her genitals which were likely untrue.

A review of the record convinces us that the child's testimony was credible and the Court was entitled to believe it. The Court commented as follows about the child's testimony:

> I was persuaded by this little girl even to the point she corrected counsel when they would make statements in examining that she felt were not true. I was impressed with her frankness.

The State does not rely upon the testimony of defendant's wife, acknowledging that the Court did not find it persuasive. However, based upon the child's testimony, and that of the other witnesses, we believe the District Judge made its decision on credible evidence and therefore do not disturb his decision.[2]

Affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN, CROCKETT and HALL, JJ., concur.

---

1. See *State v. Mecham*, 23 Utah 2d 18, 456 P.2d 156 (1969) and authorities cited therein.

2. See *State v. Ward*, 10 Utah 2d 34, 347 P.2d 865, and *Cannon v. Wright*, Utah, 531 P.2d 1290 (1975).