STATE of Utah In the Interest of R.G.B., a person under eighteen years of age.

No. 15932.

Supreme Court of Utah.

June 27, 1979.

Gaylen S. Young, Jr., Salt Lake City, for appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Olof Johansson, Deputy County Atty., Salt Lake City, for respondent.

WILKINS, Justice:

Defendant, a fourteen-year-old boy, appeals from his conviction of aggravated robbery[1] by the Second District Juvenile Court, sitting without a jury.

1. In violation of Section 76-6-302, Utah Code Ann., 1953, as amended which provides:

(1) A person commits aggravated robbery if in the course of committing robbery, he:
(a) Uses a firearm or a facsimile of a firearm, knife or a facsimile of a knife or a deadly weapon; or . . .

And robbery is defined in Section 76-6-301, Utah Code Ann., 1953, as amended:
(1) Robbery is the unlawful and intentional taking of personal property in the possession of another from his person, or immediate presence, against his will, accomplished by means of force or fear.

Defendant contends that there was insufficient evidence to sustain the Court's finding of guilt beyond a reasonable doubt, and that the State failed to sustain its burden of proving the elements of the crime.

In the case of *State v. Mills,* Utah, 530 P.2d 1272 (1975), this Court stated the rule of review concerning a verdict challenged on the ground of insufficiency of the evidence:

It is the prerogative of the jury to judge the weight of the evidence, the credibility of the witnesses, and the facts to be found therefrom. For a defendant to prevail upon a challenge to the sufficiency of the evidence to sustain his conviction, it must appear that viewing the evidence and all inferences that may reasonably be drawn therefrom, in the light most favorable to the verdict of the jury, reasonable minds could not believe him guilty beyond a reasonable doubt. To set aside a verdict it must appear that the evidence was so inconclusive or unsatisfactory that reasonable minds acting fairly must have entertained reasonable doubt that defendant committed the crime. Unless the evidence compels such conclusion as a matter of law, the verdict must be sustained.[2]

The rule is the same where a judge, rather than a jury, acts as finder of fact.

The victim of this crime, Terri Lium, unequivocally identified the juvenile defendant as being the boy who entered Cheryl's Gift Shop in Olympus Hills Shopping Mall in Salt Lake City three times between 7:45 and 8:15 on the evening of March 10, 1978, wearing a red ski parka with black ski gloves sticking part way out of one pocket, blue jeans and a blue denim shirt; who, on the third visit, demanded that she place all of the shop's money into a white paper bag which he presented to her while revealing a gun stuck into the front of his jeans; and who left taking $120 with him after locking her in the shop with her own keys. At the trial, Ms. Lium identified defendant's red ski parka and black ski gloves, obtained by the police from defendant's parents, as being the clothes the robber wore. She testified that the jeans and denim shirt which defendant claimed to have worn that day were not the same as those worn that night. Defendant's thumb print was found on a poster which Ms. Lium testified was handled by the robber while in the shop.

Defendant denied that he had committed the crime, and introduced evidence to the effect that denim shirts and jeans and red ski parkas are very popular items of clothing for boys his age. Though defendant admitted that he was in the Olympus Hills Shopping Mall on the evening of March 10, 1978, he denied being in Cheryl's Gift Shop at that time. When confronted with the fact that his thumb print was on the poster that the robber had handled, defendant stated that he had looked at that particular poster two days earlier, on March 8, 1978. Defendant's parents testified that the boy arrived home at 8:10 p. m. that evening, though they had not looked at the clock when he came in, but estimated the time in relation to a television show they were then watching.

Defendant argues that this evidence was insufficient to raise a reasonable doubt of his guilt. But in view of the positive identification by the victim, and the fresh[3] thumb print on the poster, defendant's evidence does not compel the conclusion that reasonable minds could not believe him to be guilty beyond a reasonable doubt, and the verdict of the Court is sustained.

Defendant's contention that the State failed in its burden of proving each and

**2.** See also: *State v. Sullivan,* 6 Utah 2d 110, 307 P.2d 212 (1957); *State v. Ward,* 10 Utah 2d 34, 347 P.2d 865 (1959); *State v. Danks,* 10 Utah 2d 162, 350 P.2d 146 (1960); *State v. Berchtold,* 11 Utah 2d 208, 357 P.2d 183 (1960); *State v. Middelstadt,* Utah, 579 P.2d 908 (1978).

**3.** Richard Summers, an identification technician, Salt Lake County Sheriff's Office, testified that it would be doubtful that a finger print would last on this surface at this store more than 24 hours, and highly unlikely that it would last more than 36 hours.

every element of the crime is based on the fact that the petition filed in Juvenile Court charges defendant with taking $140 on or about March 9, 1978, whereas the evidence showed that $120 was taken on March 10, 1978. Defendant further argues that there was no evidence of force or fear; nor was their evidence of the use of a deadly weapon (1) since the robber did not handle the gun or point it at the victim, and (2) since the gun was not found after the robbery.

 It is sufficient that the evidence shows that the crime was committed on a date which closely proximates the date charged in the petition.[4] The statute requires only that it be proved that personal property was taken. The value of that property is not an element of robbery. And it is not necessary that the State prove that the robber actually pointed a gun at the victim[5] nor is it necessary to find the gun and place it in evidence. If merely exhibiting the gun creates fear in the victim, it constitutes "use of a firearm" for that purpose. All of the essential elements of the crime of aggravated robbery were proved by the State in this case, and the judgment of the Juvenile Court is affirmed.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

---

4. *State v. Middelstadt,* supra, note 2.

5. See *State v. Turner,* Utah, 572 P.2d 387 (1977).