**STATE of Utah, Plaintiff and Respondent,**

v.

**Joe WILSON, Defendant and Appellant.**

**No. 17664.**

Supreme Court of Utah.

March 4, 1982.

David L. Wilkinson, Atty. Gen., Robert N. Parrish, Asst. Atty. Gen., Salt Lake City, for defendant and appellant.

W. Andrew McCullough, Orem, for plaintiff and respondent.

PER CURIAM:

Defendant was found guilty by a jury of receiving stolen property in violation of U.C.A., 1953, 76–6–408. The pertinent language of said statute reads as follows:

A person commits theft if he receives, retains, or disposes of the property of another knowing that it has been stolen, or believing that it probably has been stolen, or who conceals, sells, withholds or aids in concealing, selling, or withholding any such property from the owner, knowing the property to be stolen, with a purpose to deprive the owner thereof.

Eliminating details not necessary for the purpose of this decision, the believable facts admissible for the jury's deliberation may be stated as follows:

On June 10, 1980, the defendant offered to procure and sell a firearm to one Price, an undercover agent. He did so after being dropped off near the home of one Powell (with whom defendant's brother lived). Powell owned a .22 caliber gun, holster and clip which he identified at trial and which defendant admitted was stolen.

The information charging defendant with the offense set June 18, 1980, as the date of the alleged theft. This date proved to be the result of a typographical error. Before the trial commenced, the prosecutor unsuccessfully moved the court for an amendment to correct the date. He urges, however, that in any event defendant's conviction raised no prejudicial reason for reversal, since the theft a) was within the range of the allegation of theft which was stated to have occurred "on or about" June 10, 1981; [1] b) that time was not of the essence in order to prove the offense charged; and c) the defendant is not prejudiced because he did not employ his statutory rights to determine if the alleged date of the offense was accurate. [2]

The thrust of defendant's appeal is twofold: (1) the conviction is reversible because the State failed to prove that the offense took place on the date alleged; and (2) the evidence was insufficient to prove every element of the offense charged.

■ For some undisclosed reason defendant's counsel states in his brief that the court *granted* the prosecution's motion to amend the date of the offense stated in the information from June 18 to June 10. This is not correct, the record clearly showing that the motion was *denied*. We conclude that Point (1) on appeal is without merit, since the offense need not have been committed on the date mentioned in the information in its broadest sense. This is so, since "time" was no factor in the commission of the offense, and the applicable limitations statute had not run at the time the charge was filed. [3]

■ The Utah cases cited by defendant as to variance between charge and proof have approved up to four days variance as being without prejudice, but the Court has not spoken as to any greater divergence. We need not consider the degree of variance, however, since "time" of the alleged

---

1. *State v. Bayes*, 47 Utah 474, 155 P. 335 (1916); U.C.A. 1953, 77–35–4(d) allows amendment of pleadings at any time, absent prejudice of substantial rights. This is qualified only where a second trial would be required for the same offense, or where surprise would render inadequate any preparation for defense. See *United States v. Francisco*, 575 F.2d 815, (10th Cir. 1978) allowing amendment before the charge is filed, where within limitations statute.

2. This he could have done by asking for a Bill of Particulars (U.C.A., 1953, 77–35–4(b), (e)) or by filing a Notice of Alibi (U.C.A., 1953, 77–14–2) or by cross-examination at preliminary hearing, etc.

3. See *State v. Woolsey*, 19 Utah 486, 57 P. 426 (1899).

offense is not an essential element of receiving stolen property, the offense charged here.

In *State v. Bayes, supra,* there was a question as to whether a 16-year old girl was raped on a Wednesday, or on a Saturday. This Court held as follows:

> The act, if occurred at all, was quite as unlawful on Wednesday, the 7th, as on Saturday, the 10th, of the month. Such a discrepancy might become material in a case where the statute of limitations was important; but, under the circumstances of this case, the only effect it could have was that it might have affected the credibility of the witness and the weight to be given her statements, and that question was for the jury.

The foregoing analysis is consistent with our own statutory scheme. U.C.A., 1953, 77–35–4(b) provides as follows:

> Such things as time, place, means, intent, manner, value and ownership need not be alleged unless necessary to charge the offense.

U.C.A., 1953, 77–35–4(d), allows for amendment at any time before verdict, absent substantial prejudice to defendant's rights.

In the instant case, the defendant admitted the firearm was stolen and he did not deny receiving it. He asserted he intended to show an alibi by non-presence at the time of the alleged "stealing" of the gun. However, he would have been precluded from asserting such defense because he failed to give notice of such intention as is required under U.C.A., 1953, 77–14–2. He did not even proffer any alibi evidence at the trial; nor did he employ the discovery process by the device afforded him in U.C.A., 1953, 77–35–4(b)(e), of demanding a Bill of Particulars.

4. U.C.A., 1953, 76–1–501(1).

As to the second point on appeal, in which defendant urges insufficiency of evidence to prove the elements of the offense, it is our conclusion that the Point is without sufficient substance to call for a reversal. The defendant cites no authority except the section of the statute which deals with presumption of innocence until each element of the offense is proven.[4] Such reference in no sense has any pertinence to a relationship of the date of an accusation and precision of proof that the offense then occurred. The elements of the charge here are that there was property stolen, which was "received" by the accused, who knew or believed that probably it was stolen, and intended to deny the true owner of its possession. Defendant admitted the firearm was stolen, and admitted he received it.

The defendant's assertion that the gun placed in evidence was not shown to have been the one stolen becomes frivolous when substantial, believable facts reflect otherwise. In this case, Mr. Powell testified that the gun belonged to him, that it was stolen from him, and that he reported it stolen to the police.

We find no reversible error in this case and consequently affirm the verdict and judgment of the court below.

STEWART, J., concurs in the result.