**Wesley BRUNNER, Petitioner,**

v.

**COLLECTION DIVISION of the UTAH STATE TAX COMMISSION, Respondent.**

**No. 960113.**

Supreme Court of Utah.

Sept. 19, 1997.

D. Gilbert Athay, Michael R. Sikora, Salt Lake City, for petitioner.

Jan Graham, Atty. Gen., Michelle Bush, Asst. Atty. Gen., Salt Lake City, for respondent.

ZIMMERMAN, Chief Justice:

Wesley Brunner petitions for review of a final order of the Utah State Tax Commission ("the Commission") assessing $142,884 in taxes and penalty pursuant to the Utah Illegal Drug Stamp Tax Act ("the Drug Stamp Tax Act"), sections 59-19-101 through -107 of the Utah Code, for possessing 20,185 grams of marijuana without the required tax stamps. Brunner argued before the Commission that imposing the tax would violate his constitutional right to be free from double jeopardy because he had already pleaded guilty to possession, distribution, and production of marijuana in a criminal case involving the same marijuana at issue in the tax assessment. The Commission held that assessing the tax did not violate Brunner's double jeopardy rights. On review, Brunner challenges the Commission's holding. We reverse.

We briefly outline the facts obtained from the parties' agreed statement of the record and from the Commission record [1] before turning to the standard of review and our analysis. On September 24, 1992, the Salt Lake County Attorney's office filed a three-count information charging Brunner with possession, distribution, and production of marijuana. Approximately three weeks earlier, the Commission had assessed taxes and penalties of $142,884 against Brunner under the Drug Stamp Tax Act, sections 59-19-103(1)(a) and -106(1), in connection with the same 20,185 grams of marijuana. Brunner had failed to purchase and affix to the marijuana the drug stamps required by the Drug Stamp Tax Act. *See* Utah Code Ann. §§ 59-19-104, -105.

Brunner petitioned the Commission for redetermination, and a prehearing con-

---

1. The parties filed an agreed statement of the record on review pursuant to Utah Rule of Appellate Procedure 11(f). Under rule 11(h), however, we are authorized to obtain the complete record, which we have done. Utah R.App. P. 11(h).

ference was held to prepare for a formal hearing. In the meantime, Brunner pleaded guilty in the criminal case, and he was sentenced on March 5, 1993. Two years later, a second prehearing conference was held before the Commission and Brunner submitted a motion for summary judgment, arguing that imposing the tax would violate the Double Jeopardy Clause of the United States Constitution.[2] U.S. Const. amend. V.[3] The Commission held an informal hearing on the matter, and the parties stipulated that the informal hearing could be converted to a formal hearing and that the Commission could enter its final decision. The Commission denied Brunner's summary judgment motion and ruled that the Drug Stamp Tax Act did not violate the Double Jeopardy Clause for the following reasons: (i) Assessment of the tax did not constitute punishment for double jeopardy purposes; (ii) imposition of the tax was not punishment because it was not conditioned upon the commission of a crime; (iii) even if the tax did constitute punishment, imposing the tax did not violate Brunner's right to be free from double jeopardy because the tax assessment was made before Brunner entered his guilty plea and jeopardy attached at the time of the assessment; and (iv) the Act serves valid revenue-raising and remedial purposes. The Commission wholly adopted these rulings in its "Findings of Fact, Conclusions of Law, and Final Decision." Brunner petitioned for a writ of review, challenging each of the Commission's holdings.

■ The standard of review in this case is governed by section 59–1–610 of the Code. "When reviewing formal adjudicative proceedings commenced before the commission,

the ... Supreme Court shall ... grant the commission no deference concerning its conclusions of law, applying a correction of error standard, unless there is an explicit grant of discretion contained in a statute at issue before the appellate court." Utah Code Ann. § 59–1–610; *see also Cache County v. Property Tax Div. of Utah State Tax Comm'n,* 922 P.2d 758, 763 (Utah 1996). The parties stipulated that the hearing from which Brunner seeks review was a formal adjudicative proceeding. *See* Utah Admin. Code R861–1A–5. Further, the Commission's conclusion that the Drug Stamp Tax Act does not violate the federal double jeopardy clause is a conclusion of law. Finally, no statute grants discretion to the Commission to interpret the Double Jeopardy Clause of the United States Constitution or the Drug Stamp Tax Act. Therefore, we grant no deference to the Commission's legal conclusion and review for correctness.

■ We begin our analysis by reviewing the Commission's first holding, that imposition of the tax does not constitute double jeopardy because it is not punishment.[4] The controlling case on the issue of drug taxes and double jeopardy is the United States Supreme Court's 1994 decision in *Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). In that case, the Supreme Court struck down Montana's drug tax, holding that it was indeed a punishment and, therefore, imposing the tax after the Kurths had pleaded guilty to criminal charges involving the same marijuana that was being taxed violated the Double Jeopardy Clause of the United States Constitution. The Court first noted that "neither a high

2. Nothing in either the parties' agreed statement of the record or the Commission's record itself indicates the reason for the two-year delay.

3. Brunner's brief on petition for review to this court also cites article I, section 12 of the Utah Constitution. "However, because [Brunner] provides no separate argument or analysis under that provision, we address his claim only under the [federal constitutional provision]." *See State v. Seale,* 853 P.2d 862, 873 n. 6 (Utah), *cert. denied,* 510 U.S. 865, 114 S.Ct. 186, 126 L.Ed.2d 145 (1993); *see also State v. Webb,* 779 P.2d 1108, 1111 n. 4 (opinion of Zimmerman, J.); *State v. Lafferty,* 749 P.2d 1239, 1247 n. 5 (Utah

1988), *habeas granted sub nom. Lafferty v. Cook,* 949 F.2d 1546 (10th Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1942, 118 L.Ed.2d 548 (1992).

4. We note that the Commission's second and third holdings, that imposition of the tax is not conditioned upon commission of a crime and that the tax serves valid revenue-raising purposes, are subsidiary holdings that underpin its legal conclusion that imposition of the tax is not punitive and therefore does not violate double jeopardy.

rate of taxation nor an obvious deterrent purpose automatically marks [a] tax [as] a form of punishment." *Kurth Ranch*, 511 U.S. at 780, 114 S.Ct. at 1946. However, the Court found those factors "at least consistent with a punitive character." *Id.* The Court went on to identify two "unusual" features of Montana's drug tax that did render it punitive: (i) The tax was conditioned upon the commission of a crime and not assessed until after the taxpayer was arrested; and (ii) the tax was levied on goods the taxpayer neither owned nor possessed at the time the tax was imposed. *Id.* at 781–83, 114 S.Ct. at 1946–48. In other words, the high rate of tax and obvious deterrent purpose were not alone enough to mark the tax as punishment. However, when combined with the fact that the tax was exacted only after the taxpayer's arrest on drug charges and was levied on goods the taxpayer did not possess because they had been forfeited, the tax crossed the line and became punitive.

Returning to Utah's Drug Stamp Tax Act, we note that the Utah tax rate is nearly identical to that of the Montana statute, which the Supreme Court found to be high.[5] *Id.* at 780 & n. 17, 114 S.Ct. at 1946 & n. 17. Further, this court has already held that the Drug Stamp Tax Act contains a clear deterrent aim. In *Sims v. Collection Division of Utah State Tax Commission*, we held that "one objective of the Act is to punish and deter those in possession of illegal drugs." 841 P.2d 6, 13–14 (Utah 1992). Thus, Utah's drug tax seems to share these features of the Montana act, which the Supreme Court struck down in *Kurth Ranch*. Further,

Utah's drug tax also shares the two "unusual features" that the Supreme Court found determinative of the punitive nature of Montana's tax: (i) The tax is conditioned on commission of a crime; and (ii) the tax is imposed upon property not owned by the taxpayer.[6]

As to the first feature, Utah's drug tax, despite operating differently than the Montana tax, is imposed only on people who possess controlled substances "in violation of Utah law." Utah Code Ann. § 59–19–102. Ordinarily, simply possessing marijuana is a criminal act. *See id.* § 58–37–8(2)(a) & (b). It is possible, however, to possess marijuana legally, pursuant to a license granted by the Department of Commerce to conduct research or perform laboratory analysis. *Id.* § 58–37–6(3)(a). Thus, the Drug Stamp Tax Act imposes the drug tax only on those engaged in criminal activity. Although Montana's act was unique in imposing its tax only after the taxpayer who engaged in criminal conduct was arrested, this factor was not dispositive. Rather, the deciding issue was that imposing the tax conditioned upon the commission of a crime was " 'significant of penal and prohibitory intent.' " *Kurth Ranch*, 511 U.S. at 781, 114 S.Ct. at 1947 (quoting *United States v. Constantine*, 296 U.S. 287, 295, 56 S.Ct. 223, 227, 80 L.Ed. 233 (1935)). The fact that Utah's drug tax is not imposed upon those who lawfully possess controlled substances is thus also probative of "penal and prohibitory intent."

Further, although the Supreme Court has in the past held that a tax on illegal activity

---

**5.** The Drug Stamp Tax Act imposes a tax of $3.50 per gram of marijuana. Utah Code Ann. § 59–19–103(1)(a). With 28.349 grams in an ounce, Utah's tax rate works out to $99.22 per ounce, compared to $100 per ounce under Montana's drug tax. Mont.Code Ann. § 15–25–111 (1992) (repealed 1995 Mont. Laws ch. 18, § 74).

**6.** We note that state courts that have addressed the issue of whether similar drug tax statutes violate the Double Jeopardy Clause after the Supreme Court's decision in *Kurth Ranch* appear to be evenly divided. *Compare Wilson v. Department of Revenue*, 169 Ill.2d 306, 214 Ill.Dec. 849, 855, 662 N.E.2d 415, 421 (1996) (finding subsequent imposition of drug tax violates double jeopardy) *and Bryant v. State*, 660 N.E.2d 290, 294 (Ind.1995) (same), *cert. denied,* — U.S. —,

117 S.Ct. 293, 136 L.Ed.2d 213 (1996) *and Desimone v. State*, 111 Nev. 1221, 904 P.2d 1, 5 (1995) (same), *cert. granted & vacated,* — U.S. —, 116 S.Ct. 2576, 135 L.Ed.2d 1091 (1996) *and Stennett v. State*, 905 S.W.2d 612, 615 (Ct. App.1995) (same), *aff'd,* 941 S.W.2d 914 (Tex. Crim.App.1996) *with Milner v. State*, 658 So.2d 500, 502 (Ala.Civ.App.1994) (upholding drug tax) *and Covelli v. Commissioner of Revenue Servs.*, 235 Conn. 539, 668 A.2d 699, 707 (1995) (same), *cert. granted & vacated,* — U.S. —, 116 S.Ct. 2577, 135 L.Ed.2d 1092 (1996) *and State v. Lange*, 531 N.W.2d 108, 117 (Iowa 1995) (same) *and State v. Gulledge*, 257 Kan. 915, 896 P.2d 378, 389 (1995) (same) *and McMullin v. South Carolina Dep't of Revenue & Taxation*, 321 S.C. 475, 469 S.E.2d 600, 603 (1996) (same).

is not per se invalid, the Court in *Kurth Ranch* noted that its prior decisions upholding taxes on illegal activities arose in cases in which either a state was attempting to tax an activity that federal law criminalized or vice versa. *Kurth Ranch,* 511 U.S. at 782 n. 22, 114 S.Ct. at 1947 n. 22. When one sovereign both criminalizes and attempts to tax an activity, "the legitimate revenue-raising purpose that might support such a tax could be equally well served by increasing the fine imposed upon conviction." *Id.* at 782, 114 S.Ct. at 1947. Thus, the factor that troubled the Court in considering Montana's drug tax was that it was conditioned upon the commission of acts that the same sovereign had already criminalized. The same is true of Utah's act.

Moving to the second "unusual" feature—the tax's being imposed upon property the taxpayer neither owns nor possesses at the time the tax is owed—what troubled the Court about the Montana statute was that "[a] tax on 'possession' of goods that ... the taxpayer never lawfully possessed has an unmistakable punitive character." *Id.* at 783, 114 S.Ct. at 1948. Similarly, Utah's drug tax is imposed only upon those who possess controlled substances "in violation of Utah law," not upon those who lawfully possess these substances. Utah Code Ann. § 59–19–102(2). The Drug Stamp Tax Act thus taxes only the illegal possessions of those engaged in illegal activity, and we therefore hold that imposing the tax constitutes punishment.

■ We next review the Commission's conclusion that even if the drug tax constituted a punishment, imposing it in this instance would not violate the prohibition on multiple punishments because the tax was assessed before jeopardy attached in the criminal proceeding. Although the concept of jeopardy was developed in the criminal context, because we have held that imposition of the tax in this instance constitutes punishment, we must determine the point at which "jeopardy" attached in the Commission proceeding. We find the Commission's formal hearing analogous to a bench trial in a criminal matter. This court has held, "Jeopardy attaches in a judge-tried case when the first witness is sworn and the court begins to take evidence."

*State v. Musselman,* 667 P.2d 1061, 1065 (Utah 1983) (citing *Crist v. Bretz,* 437 U.S. 28, 37 n. 15, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978); *Lee v. United States,* 432 U.S. 23, 28 n. 3, 97 S.Ct. 2141, 2144 n. 3, 53 L.Ed.2d 80 (1977); *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062–63, 43 L.Ed.2d 265 (1975); *Boyer v. Larson,* 20 Utah 2d 121, 433 P.2d 1015 (1967)). Thus, by analogy, we find that jeopardy attached in the Commission proceeding when the formal hearing convened and the Commission began taking evidence. The formal hearing in this case was held January 30, 1996, nearly three years after Brunner pleaded guilty and was sentenced on the criminal charges. Therefore, jeopardy attached in the Commission proceeding long after jeopardy attached in the criminal proceeding, and imposition of the tax violates Brunner's right to be free from double jeopardy.

We reverse the Commission and hold that the Drug Stamp Tax Act is punitive and, thus, when imposed in connection with but separate from related criminal proceedings, violates the Double Jeopardy Clause of the United States Constitution.

STEWART, Associate C.J., and HOWE, DURHAM, and RUSSON, JJ., concur in Chief Justice ZIMMERMAN's opinion.